IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Shavon Prabhakar, | ) | Civil Action No. 3:19-cv-02884-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Lexington Medical Center, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**YOU ARE HEREBY NOTIFIED** that, pursuant to 28 U.S.C §§ 1331, 1441, and 1446, Defendant, Lexington County Health Services District, Inc., d/b/a Lexington Medical Center, incorrectly identified in Plaintiff's Complaint as "Lexington Medical Center," ("LMC" or "Defendant"), removes this action previously pending in the Court of Common Pleas for the Eleventh Judicial Circuit, Lexington County, South Carolina, Civil Action No. 2019-CP-32-02671, to the United States District Court for the District of South Carolina, Columbia Division, on the following grounds:

**I.     COMMENCEMENT OF ACTION**

Plaintiff Shavon Prabhakar ("Plaintiff") commenced this action against Defendant by filing a Summons and Complaint on July 2, 2019. Defendant accepted service of process on September 13, 2019. Therefore, this Notice of Removal is timely filed "within thirty days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Pursuant to 28 U.S.C. § 1446(a), the case is removed to the district and division embracing the Lexington County Court of Common Pleas. *See also* 28 U.S.C. § 121(2).

1

## II. PLEADINGS AND NOTICE TO STATE COURT

True and correct copies of all process and pleadings received by Defendant are attached and being filed contemporaneously with this Notice as Exhibit A. Pursuant to 28 U.S.C. § 1446(d) and Local Rule 83.IV.01, DSC, written notice of this removal is being served on the parties and is being filed with the Clerk of Court for the Lexington County Court of Common Pleas.

## III. STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint asserts two causes of action for violation of federal laws based on alleged race discrimination: one for violation Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and another for violation of 42 U.S.C. § 1981. (Compl. ¶¶ 40-52.) Claims based on alleged violations of Title VII and section 1981 are recognized grounds for removal. *See Estrada v. Founders Fed. Credit Union*, 2013 WL 1181913, at *1 (D.S.C. Mar. 21, 2013) (acknowledging with approval the removal of Title VII claims on the basis of federal question jurisdiction). The Court, therefore, has federal question jurisdiction over these claims, and removal of this case to federal court is proper.

The Court also has supplemental jurisdiction over Plaintiff's remaining claim asserting a state law cause of action for abuse of process. "Where a federal district court has original jurisdiction over a properly-brought federal claim, the court also has supplemental jurisdiction over 'all other claims that are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution.'" *N. Am. Van Lines, Inc. v. Atl. Transfer & Storage Co.*, 487 F. Supp. 2d 672, 674 (D.S.C. 2007) (quoting 28 U.S.C. § 1367(a)).

2

"State and federal claims are part of the same case or controversy if they 'derive from a common nucleus of operative fact.'" *Id.* (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966)).

Plaintiff's state law claim is based on the exact same facts that require resolution of Plaintiff's federal claims. Plaintiff alleges that part of her discipline was that LMC reported her to the nursing board. (Compl. at ¶ 32.) Plaintiff further alleges LMC disciplined her differently from similarly situated employees outside her protected class to support her Title VII and section 1981 claims—this is the same conduct that forms the basis of Plaintiff's abuse of process claim. (*Compare id.* ¶¶ 40-52 (alleging other employees who are not in the same protected class as Plaintiff have not been disciplined or reprimanded under similar circumstances) *with id.* ¶¶ 53-58 (alleging that LMC reported Plaintiff to the nursing board even though she did not engage in misconduct).) Further, the same facts—namely, LMC's actions in regards to Plaintiff and others in similar situations—must be resolved to adjudicate all of Plaintiff's claims. Plaintiff's state law claim, therefore, derives from the same common nucleus of operative facts as her federal law claims.

Moreover, any claim arising under state law would not present a novel or new issue that would predominate over the federal questions at issue. *See* 28 U.S.C. § 1367(c). As such, the Court has supplemental jurisdiction over Plaintiff's state law claim, and it should exercise that jurisdiction. *See Kozel v. Kozel*, 299 F. Supp. 3d 737, 745 (D.S.C. 2018) (holding the court has supplemental jurisdiction over the plaintiff's state law claims, to include a claim for abuse of process); *Flowers Ministries, Inc. v. Hine*, 2017 WL 3187546, at *1-2 (D.S.C. July 27, 2017) (denying motion to remand and exercising supplemental jurisdiction over state law abuse of

process claim). Therefore, this Court may properly exercise jurisdiction over this entire matter, and LMC has appropriately removed this case.

In the event any question arises as to the propriety of the removal of this matter, LMC requests the opportunity to present briefs, oral argument, and, if necessary, affidavits and other evidence in support of its position that removal is proper, in accordance with *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), and *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir. 2008).

**IV.     CONCLUSION**

**WHEREFORE**, LMC hereby removes this matter from the South Carolina Court of Common Pleas for the Eleventh Judicial Circuit to the United States District Court for the District of South Carolina, Columbia Division based on federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

By: s/ George A. Reeves III
George A. Reeves III (Fed ID No. 9701)
greeves@fisherphillips.com
Phillips L. McWilliams (FID 11992)
pmcwilliams@fisherphillips.com
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202

*Attorneys for Defendant*

Columbia, South Carolina
October 11, 2019

FP 35811965.1