ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Shavon Prabhakar,<br><br>      Plaintiff,<br><br>  v.<br><br>Lexington Medical Center,<br><br>      Defendants. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>C. A. No.: 2019-CP-32<br><br><br>**SUMMONS** |

  YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is hereby served upon you, and to serve a copy of your Answer to the said Complaint on the subscribers at their office, located at **1817 Hampton Street, Columbia, South Carolina, 29201**, within thirty (30) days after service thereof exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                **DICKEY LAW GROUP, LLC**

                By:  s/Joseph D. Dickey, Jr.
                Joseph D. Dickey, Jr.
                Bar No. 100064
                1817 Hampton Street
                Columbia, SC 29201
                Email: joseph@dickeylawsc.com
                Phone: (803) 380-5575
                Fax: (803) 380-5576

                *Attorney for Plaintiff*

Columbia, South Carolina
July 2, 2019

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Shavon Prabhakar,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>Lexington County Health Service District, Inc. d/b/a Lexington Medical Center,<br><br>　　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>ELEVENTH JUDICIAL CIRCUIT<br><br>C. A. No.: 2019-CP-32<br><br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

　　　　Plaintiff Shavon Prabhakar (hereinafter "Prabhakar" or "Plaintiff") alleges the following in her Complaint against the Defendant, Lexington Medical Center.

### NATURE OF THE ACTION

　　This action arises under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, due to the unlawful employment practices Defendant Lexington Medical Center, by and through its agents and employees, engaged in against Plaintiff during her employment. Plaintiff seeks appropriate relief from the Defendant as a result of the unlawful discriminatory conduct that led to her being investigated. In addition, this action also seeks appropriate relief under South Carolina common law for abuse of process.

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction and *in personam* jurisdiction based upon 28 U.S.C. §1331, §1332, and §1367. A substantial part of the unlawful employment practices, wrongful conduct, and other events giving rise to this action occurred within the Columbia Division of the United States District Court for the District of South Carolina.

2. Venue is proper in this District under 28 U.S.C. §1391(b) as the case in controversy, as well as the events or omissions at issue, occurred within this Judicial District.

## PARTIES

3. Plaintiff is a thirty-eight (38) year old African-American citizen and resident of Lexington County, South Carolina, and has remained so at all times relevant to the allegations of this Complaint.

4. LMC is a regional health services district incorporated in the State of South Carolina. LMC provides inpatient and outpatient health care services through a countywide healthcare network that includes a 400+ bed hospital, six satellite medical and urgent care centers, an occupational health center, an extended care facility, 60 medical practices, and over 600 physicians. LMC's corporate headquarters, hospital, and principal place of business is Lexington County at 2720 Sunset Boulevard, West Columbia, South Carolina.

5. Upon information and belief, at all times relevant, LMC has had more than 500 employees on a continual basis worldwide and at least fifteen (15) employees on a continual basis in South Carolina.

## CONDITIONS PRECEDENT

6. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of the foregoing action, all of which are more fully described below.

7. In or around July 2018, and as result of Defendant LMC's discriminatory conduct, which is described in full below, Plaintiff timely filed a complaint with the South Carolina Human Affairs Commission ("SHAC") alleging harassment, discrimination, and retaliation based upon his race, and retaliation against the Defendant.

8. Plaintiff received a Notice of Right to Sue from SHAC regarding the complaint described in Paragraph 5. This correspondence is dated March 4, 2019, and is attached as **Exhibit A**. Plaintiff subsequently received a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on or around April 3, 2019 which is attached as **Exhibit B**.

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

9. Plaintiff has timely filed the foregoing action within 120 days of the date on which he received the SHAC Notice of Right to Sue and within 90 days of the date on which he received the EEOC Notice of Right to Sue, described above in Paragraph 6.

## FACTUAL BACKGROUND AND ALLEGATIONS

10. Plaintiff repeats the preceding facts and allegations of his complaint as if fully set forth verbatim and incorporates the same by reference.

11. In or around August 2016, Plaintiff was hired as a clinical coordinator at LMC.

12. In her position, Plaintiff's duties include but are not limited to:

    a. Developing and/or upholding Plan of Care;

    b. Evaluating patient's response to Plan of Care;

    c. Providing safe, appropriate, and quality care to patients; and

    d. Assuring all physician orders are carried out and documented in accordance with LMC policy.

13. On or about June 17, 2018, Plaintiff arrived at LMC to take over as charge nurse from the off-going charge nurse. Upon arrival, Plaintiff obtained the off-going charge nurse's report that a patient was admitted the night of June 16, 2018 with a subdural hemorrhage.

14. After the report Plaintiff went in the room with the nurse to assess the patient. The patient was extremely restless and dazed. The patient was aware of self. Plaintiff spoke with the nurse and verbalized that they needed to talk with the physician, due to the concern of instability.

15. Subsequently, Plaintiff and the other nurse voiced concerns to the consulting physician who agreed the patient's outlook was poor and that the patient probably would not survive the head injury. At this time, the physician requested to speak with neurosurgery physician's assistant to discuss the patient's condition.

16. Later, Neurosurgery came in the patient's room and reassured the patient's family that the patient was stable and should survive the head injury. The Neurosurgeon stated that the physician was over-reacting about the patient having a grim prognosis.

17. At 3:00PM, the floor housing the patient lost the unit secretary who went home. At this time there was no one to sit as a unit secretary. The floor only had three technicians and Plaintiff and the other nurse were caught between the following duties:

    a. assisting with orders of the new patient,
    b. answering the call light,
    c. answering incoming phone calls. With a new admission, this is a busy time for the unit, and it is imperative for someone to be at the desk. We are
    d. receiving multiple calls from the pharmacy to verify medication and
    e. We are receiving calls from the lab, radiology, and calling consults for other physicians to see the new admission.

18. This was not appropriate staffing for the unit.

19. Later that afternoon, it was documented that the patient had a ten beat ventricular arrhythmia, but never notified Plaintiff and the other nurse on duty. However, a review of the patient's medical records shows that it was documented Plaintiff and another nurse were notified.

20. A review of the call logs shows there was no call made to Plaintiff or the other nurse during this time.

21. At 4:56PM, the monitor tech notified Plaintiff that the patient was sustained in Torsade's. Plaintiff responded by immediately entering the patient's room and witnessed the patient go unresponsive without a pulse.

22. Plaintiff called for a Mayday and proceeded to perform CPR until 5:00PM.

23. Patient subsequently was defibrillated and CPR was continued in an attempt to revive.

24. Plaintiff subsequently started CPR while the other nurse was on the phone with the neurosurgery physician's assistant.

25. The first mayday cart brought to the patient's room did not have pads on the defibrillator due to the previous mayday on the former patient.

26. At 5:02PM, the mayday team arrived at the unit. Plaintiff updated the Emergency Department physician on the patient's condition. At this time both the emergency department physician and the supervisor were at the patient's bedside and intubation was attempted.

27. The physician and supervisor are the individuals who usually take charge of the code.

28. The patient was defibrillated pursuant to the ED physician's request at 5:06PM.

29. The other nurse was given orders by the neurosurgery physician's assistant to transfer the patient to ICU while they were on the phone.

30. At 5:25PM, the patient was transferred to ICU.

31. On June 27, 2018, Plaintiff received an email from her nurse Manager requesting to speak with her about the Mayday event of that occurred on June 17, 2018.

32. On July 10, 2018, Plaintiff was asked to come back in and meet with her nursing director and received her write up about the situation. Plaintiff asked if she would be sent to the nursing board, and the director told Plaintiff that it was recommended that she be reported to the nursing board.

33. Plaintiff's nursing director suggested to Plaintiff that she file a grievance with the hospital about the write-up. Plaintiff submitted a grievance to human resources but was told that she could not file a grievance due to her current leadership role.

34. In addition, Plaintiff was asked by the nursing director to step down as the charge nurse for the weekend of July 14-15 and be a staff nurse. Plaintiff requested to stay home instead because she felt this request for her to step down was retaliatory and embarrassing.

35. Plaintiff used 36 hours of PTO and was given the option to stay home that weekend.

36. LMC held Plaintiff responsible for not defibrillating the patient in a timely manner. Plaintiff was taken off the work scheduled on July 6, 2018 and asked to step down as charge nurse for the day shifts on July 7-8, 2018.

37. On or about July 10, 2018, LMC requested Plaintiff attend a meeting to sign a disciplinary write up which was given as a final warning. In addition, LMC required Plaintiff to complete an action plan to remediate deficiencies related to incident with the patient.

38. Pursuant to the action plan, any failure to successfully complete the action plan or any further breach of LMC policies including a failure in providing appropriate care will result in further disciplinary action, up to and including termination of employment.

39. In contrast, similarly situated white nurses were not disciplined in the same manner as Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**Disparate Treatment Discrimination and Discharge against Defendant LMC**
**(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et. seq*.)**

40. Plaintiff repeats the preceding facts and allegations of his complaint as if fully set forth verbatim and incorporates the same by reference.

7

41. LMC's discriminatory actions described herein, by and through their agents and employees, resulted in Plaintiff being treated differently and less favorably than similarly situated white employees.

42. LMC and its agents and employees have engaged in these discriminatory actions, patterns, and/or practices both within and outside the liability period in this case.

43. LMC and its agent and employees subjected Plaintiff to disparate treatment from similarly situated white employees as follows:

    a. Disciplining Plaintiff differently from similarly situated white employees;

    b. Drafting improvement plans differently for Plaintiff than for similarly situated white employees were not placed in;

    c. Other conduct to be proven at trial.

44. As a direct and proximate result of LMC's discriminatory actions described herein, Plaintiff has suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

45. Plaintiff is entitled to punitive damages for the same; as well as, the attorney's fees and costs of this action.

**FOR A SECOND CAUSE OF ACTION**
**Race Discrimination against Defendant LMC**
**(Violation of the Section 1981 as to LMC)**

46. Plaintiff repeats the preceding facts and allegations of her complaint as if fully set forth verbatim and incorporates the same by reference.

47. LMC's discrimination against Plaintiff is in violation of her rights afforded to her under Section 1981.

48. LMC's conduct described above deprived Plaintiff the same rights, benefits, and privileges as similarly situated white employees in violation of Section 1981.

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

49. Other similarly situated white employees of LMC have not been disciplined or reprimanded under the same or similar circumstances.

50. The actions of LMC violate Plaintiff's rights and privileges as protected by 42 U.S.C. §1981.

51. As a direct and proximate result of Defendants' actions, Plaintiff suffers and continues to suffer pecuniary losses, including, but not limited to loss of wages, and other monetary benefits.

52. Defendants' actions as alleged herein were willful and intentional acts and were committed with malice and/or a reckless indifference to Plaintiff's federally protected rights. Accordingly, Plaintiff is entitled to have and recover of the Defendants' punitive damages under 42 U.S.C. §1981 in amounts to be proven at trial.

**FOR A THIRD CAUSE OF ACTION**
**Abuse of Process against Defendant LMC**

53. Plaintiff repeats the preceding facts and allegations of his complaint as if fully set forth verbatim and incorporates the same by reference.

54. Defendant LMC engaged in a willful act to report Plaintiff's actions to the licensing board.

55. Defendant LMC's actions were not equitable and were done while having knowledge that Plaintiff had not engaged in any misconduct.

56. Defendant LMC reported Plaintiff, and possibly others, for the ulterior motive of shifting any blame from the hospital for the patient's medical treatment to Plaintiff.

57. As a result of Plaintiff's abuse of reporting Plaintiff under S.C. Code Ann. § 40-33-936, Plaintiff has suffered actual damages in the loss of , as well as consequential costs including attorney fees incurred

58. Plaintiff is entitled to an award of punitive damages due to Defendant LMC's willful act in

abusing the process of reporting under § 40-33-936.

**WHEREFORE,** Plaintiff seeks and prays for judgment against all Defendants for actual damages, compensatory damages, punitive damages, pre-judgment interest, attorney's fees and costs, other expenses of litigation incurred in pursuit of this action, and all other and further relief as is just and proper.

Respectfully Submitted,

**DICKEY LAW GROUP, LLC**

By:     s/Joseph D. Dickey, Jr.
Joseph D. Dickey, Jr.
Bar No. 100064
1817 Hampton Street
Columbia, SC 29201
Email: joseph@dickeylawsc.com
Phone: (803) 380-5575
Fax: (803) 380-5576

*Attorney for Plaintiff*

Columbia, South Carolina
July 2, 2019

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

**Exhibit A**

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

## SOUTH CAROLINA HUMAN AFFAIRS COMMISSION
### 1026 Sumter Street, Suite 101
### Columbia, South Carolina 29201
### DISMISSAL AND NOTICE OF RIGHT TO SUE

---

| | |
|---|---|
| Ms. Shavon Prabhakar<br>128 Cascade Dr.<br>Lexington, SC 29072<br>    Complainant,<br><br>Vs.<br><br>Lexington Medical Center<br>2720 Sunset Blvd.<br>West Columbia, SC 29169<br><br>    Respondent | SCHAC Complaint Number<br>3-18-105R<br><br>EEOC Deferral As<br>14C-2018-00778<br><br><br>SCHAC REPRESENTATIVE:<br>NIKKI OWENS, Investigator<br><br>TELEPHONE NUMBER: (803) 737-7800 |

---

The Commission has dismissed your charge for the following reason(s):

☐ The Commission does not have jurisdiction to process your charge for the following reason:

  ☐ Untimely                           ☐ Complainant failed to state claim

  ☐ Prior court proceeding             ☐ Less than 15 employees

  ☐ No employee/employer relationship  ☐ Private membership/nonprofit club

☒ No cause: The Commission is unable to conclude, based upon the information obtained during its investigation, that there has been a violation of the Human Affairs Law, Section 1-13-10, et seq, of the SC Code of Laws of 1976, as amended.

☐ You failed to provide requested necessary information, failed or refused to appear or be available for necessary interviews/conferences, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had at least 15 days in which to respond to our final written request.

☐ The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to our last known address.

☐ The Respondent has made a written settlement offer which affords full relief for the harm you alleged. You have refused to accept the final relief offered and/or at least 30 days have expired since you received actual notice of this settlement offer.

This Notice of Right to Sue concludes the Commission's investigation of your charge. If the Complainant wants to pursue the charge further, the Complainant MUST DO SO WITHIN ONE YEAR FROM THE ALLEGED VIOLATION OR WITHIN ONE HUNDRED TWENTY (120) DAYS FROM THE DATE OF ISSUANCE OF THIS NOTICE OF RIGHT TO SUE, WHICHEVER OCCURS EARLIER; OTHERWISE, YOUR RIGHT TO SUE UNDER THE HUMAN AFFAIRS LAW IS LOST.

IN ACCORDANCE WITH THE RECORDS RETENTION SCHEDULE ESTABLISHED BY STATE ARCHIVES, THIS FILE WILL BE DESTROYED THREE (3) YEARS AFTER THE DATE OF ISSUANCE OF THIS DETERMINATION. UNTIL THEN, THE COMPLAINANT MAY REQUEST ANY INFORMATION COMPLAINANT HAS FURNISHED THE COMMISSION. THE RESPONDENT IS HEREBY NOTIFIED THAT IF IT WOULD LIKE TO REQUEST FILE CONTENTS AFTER A LAWSUIT HAS BEEN BROUGHT AGAINST THE RESPONDENT, THEN A REQUEST FOR COPIES REFLECTING A COURT DOCKET NUMBER SHOULD BE SUBMITTED TO THE AGENCY WITHIN THREE (3) YEARS OF THE DATE OF ISSUANCE OF THIS DETERMINATION.

The parties are reminded that state and federal laws prohibit retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the complaint.

You may contact the SCHAC representative named above if you need assistance finding an attorney or if you have any questions about which Circuit Court has jurisdiction to hear your case. A copy of this NOTICE OF RIGHT TO SUE has been sent to the Respondent.

March 4, 2019                                On Behalf of the Commission:
_____                      _____
Date of Issuance                             Approving Authority

# Exhibit B

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Shavon C. Prabhakar<br>128 Cascade Dr<br>Lexington, SC 29072 | From: | Charlotte District Office<br>129 W. Trade Street<br>Suite 400<br>Charlotte, NC 28202 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 14C-2018-00778 | Renee E. Grube,<br>State & Local Program Manager | (704) 954-6446 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

/s/ Thomas M. Colclough

Thomas M. Colclough,
Acting Director

April 3, 2019
(Date Mailed)

Enclosures(s)

cc:

J. Hagood Tighe, Esq.
Fisher Phillips
1320 Main Street, Suite 750
Columbia, SC 29201

Joseph Dickey, Jr.
DICKEY LAW GROUP
1817 Hampton St.
Columbia, SC 29201

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

ELECTRONICALLY FILED - 2019 Jul 02 4:58 PM - LEXINGTON - COMMON PLEAS - CASE#2019CP3202671

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF LEXINGTON<br><br>Shavon Prabhakar,<br><br>                Plaintiff,<br><br>v.<br><br>Lexington Medical Center,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>FIFTH JUDICIAL CIRCUIT<br><br>C. A. No.: 2019-CP-32-02671<br><br><br>**ACCEPTANCE OF SERVICE** |

I, George A. Reeves, III, Esquire accept service of the Summons and Complaint with exhibits filed in the above captioned matter, for my client Lexington Medical Center named defendant in this action. The Defendant has granted me the authority to accept these documents in its stead. These documents were e-mailed to me at greeves@fisherphillips.com and received by me this 13th day of September, 2019. I have agreed to waive service via mail.

                                                                _____
                                                                George A. Reeves, III, Esquire

                                                                *Attorney for Defendant*
                                                                *Lexington Medical Center*

Columbia, South Carolina
September 13, 2019